RECORD NO. 17-1431

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

———————————

DEBRA BASS,

*Plaintiff-Appellant*,

v.

WAL-MART STORES, INCORPORATED,

*Defendant-Appellee.*

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT DANVILLE

———————————

**RESPONSE BRIEF OF APPELLEE**

———————————

Cathleen Kailani Memmer VSB No. 34673
Victor S. Skaff, III VSB No. 40054
GLENN ROBINSON & CATHEY PLC
Fulton Motor Lofts
400 Salem Avenue, Suite 100
Roanoke, Virginia 24016
(540) 767-2200 Telephone

*Counsel for Appellee*                                    June 29, 2017

**LANTAGNE LEGAL PRINTING** 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477
A Division of Lantagne Duplicating Services

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __17-1431__    Caption: __Debra Bass v. Wa-Mart Stores, Inc.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Wal-Mart Stores, Inc.__
(name of party/amicus)

__Defendant__

who is _____Appellee_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?   ☑ YES ☐ NO

2.    Does party/amicus have any parent corporations?                              ☐ YES ☑ NO
      If yes, identify all parent corporations, including all generations of parent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                               ☐ YES ☑ NO
      If yes, identify all such owners:

4.   Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))? ☐ YES ☑ NO If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/   Victor S. Skaff, III                    Date:    April 18, 2017

Counsel for: Wal-Mart Stores, Inc.

## CERTIFICATE OF SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I certify that on ____April 18, 2017____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Mark T. Williams
Williams Morrison Light & Moreau
317 Patton Street
Danville, Virginia 24541

/s/ Victor S. Skaff, III                                        April 18, 2017
(signature)                                                          (date)

# TABLE OF CONTENTS

<u>Page</u>

TABLE OF AUTHORITIES ........................................................... ii

STATEMENT OF THE ISSUE ........................................................ 1

STATEMENT OF THE CASE ........................................................ 1

STATEMENT OF THE FACTS ....................................................... 2

      Debra Bass ................................................................. 2

      Plaintiff Had No Expert Witness ..................................... 3

SUMMARY OF ARGUMENT ....................................................... 4

STANDARD OF REVIEW ........................................................... 4

ARGUMENT AND AUTHORITIES .................................................. 5

DISCUSSION OF THE ISSUE ....................................................... 6

    1.    The Plaintiff is Unable to Prove that Wal-Mart was on Notice of a Defective Condition and Failed to Correct It ................................. 7

    2.    The Fact That Wal-Mart Employees May Have Been in the Area is Insufficient to Prove Constructive Notice ............................. 8

    3.    The Physical Condition of the Spill is Insufficient to Prove Constructive Notice on the Part of Wal-Mart ..................................... 11

CONCLUSION ....................................................................... 14

REQUEST FOR ORAL ARGUMENT ............................................... 14

CERTIFICATE OF COMPLIANCE ................................................. 16

CERTIFICATE OF FILING AND SERVICE ....................................... 17

i

# TABLE OF AUTHORITIES

## CASES

Page

*Adkins v. Scoa Industries, Inc.*,
   1992 U.S. App. LEXIS 13512 (4th Cir. 1992) .................................................7

*Akers v. Food Lion, Inc.*,
   1992 U.S. App. LEXIS 18583 (4th Cir. 1992) .................................................5

*Babb v. Boddie-Noell*,
   69 F. Supp. 812 (W.D.Va. 1998) .................................................................9, 10

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .............................................................................................4

*Charbonnages de France v. Smith*,
   597 F.2d 406 (4th Cir. 1979) ...........................................................................5

*Colonial Stores, Inc. v. Pulley*,
   203 Va. 535, 125 S.E.2d 188 (1962) ...............................................................6

*Dennis v. Wal-Mart*,
   2017 U.S. Dist. LEXIS 24850 (W.D.Va. 2017) ...........................................11

*First Nat'l Bank v. Cities Serv. Co.*,
   391 U.S. 253 (1968) .............................................................................................5

*Gauldin v. Virginia Winn-Dixie*,
   370 F.2d 167 (4th Cir. 1966) ..................................................................6, 8, 11

*Great Atlantic and Pacific Tea Company v. Berry*,
   128 S.E.2d 311 (1962) .....................................................................................12

*Great Atlantic & Pacific Tea Co. v. Berry*,
   203 Va. 913 (1962) ..............................................................................................7

*Griffin v. Wal-Mart Stores, Inc.*,
  1995 U.S. Dist. LEXIS 6507, Civil Action No. 3:94-cv-941 (E.D.Va.
  1995) ...................................................................................................6

*Grim v. Rahe*,
  246 Va. 239, 434 S.E.2d 888 (1993) ..............................................7

*Haliburton v. Food Lion, LLC*,
  2008 U.S. Dist. LEXIS 32898 (E.D.Va. 2008) .......................11, 12

*Higgins v. E.I. DuPont de Nemours & Co.*,
  863 F.2d 1162 (4th Cir. 1988) .........................................................4

*Hottle v. Beech Aircraft Corp.*,
  47 F.3d 106 (1995) .........................................................................10

*Hudson v. Kroger Co.*,
  2007 U.S. Dist. LEXIS 51941 (W.D.Va. 2007) .............................12

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986).........................................................................5

*Meyer v. Boddie-Noell Enterprises*,
  2011 U.S. Dist. LEXIS 6100 (E.D.Va.) ........................................13

*Prindes v. Winn Dixie*,
  1997 U.S. App. LEXIS 8573 (4th Cir. 1997)................................8, 9

*Roll R' Way Rinks, Inc. v. Smith*,
  218 Va. 321, 237 S.E.2d 157 (1977) ............................................6, 7

*Shaw v. Stroud*,
  13 F.3d 791 (4th Cir. 1994) .............................................................5

*Winn-Dixie Stores, Inc. v. Parker*,
  240 Va. 180, 396 S.E.2d 649 (1990) ...............................................6

*Woods v. Wal-Mart Stores, Inc.*,
  2005 U.S. Dist. LEXIS 45404 (E.D.Va. 2005) .......................11, 12

# RULES

Fed. R. App. P. 34(a) ...............................................................................14

Fourth Circuit Local Rule 34(a).............................................................14

## STATEMENT OF THE ISSUE

I.     **DID THE DISTRICT COURT CORRECTLY FIND THAT THE PLAINTIFF FAILED TO PROVE NEGLIGENCE ON THE PART OF WAL-MART WHEN THERE WAS NO CREDIBLE EVIDENCE OF ACTUAL OR CONSTRUCTIVE NOTICE?**

## STATEMENT OF THE CASE

This action arises out of an incident that occurred on or about June 8, 2014, at the Wal-Mart store located at 515 Mount Cross Road, Danville, Virginia.  In filing her lawsuit, the plaintiff alleged that Wal-Mart was negligent on the date in question because it, among other things, "failed to take timely and appropriate action to remove [spilled cooking oil] from its floor" and/or warn the plaintiff of its existence."   J.A. 8.   It was further alleged that, as a result of Wal-Mart's negligence, the plaintiff "slipped and fell in the accumulation of cooking oil and has incurred and will continue to incur physical injury…."  J.A 8.  The plaintiff sought damages in the amount of $500,000.00.  J.A. 8.

Wal-Mart filed an Answer denying any breach of duty or act of negligence with regard to the plaintiff's accident.  J.A 10.  Wal-Mart removed this action to the United States District Court for the Western District of Virginia, Danville Division.  J.A. 13.  After an initial discovery period, Wal-Mart moved the District

Court for the entry of summary judgment.  On March 9, 2017, the District Court granted summary judgment in favor of Wal-Mart and dismissed the case from the Court's docket.  J.A. 161.  The plaintiff then appealed the decision to this Court. J.A 162.

## STATEMENT OF THE FACTS

Both parties exchanged written discovery and Wal-Mart took the deposition of the plaintiff.

### Debra Bass

On or about June 8, 2014, the plaintiff, Debra Bass, went alone to the Wal-Mart store in Danville, Virginia, to buy groceries.  J.A 47[1].  She was a regular customer who had been in that store on numerous occasions.  J.A. 48.

Upon her arrival at the Wal-Mart store, the plaintiff went immediately to the milk section. J.A. 52.  Wearing "brown rubber flip-flops," she then began to walk up and down various aisles while pushing a buggy.  J.A. 56.  Soon after making a right turn and entering aisle 8, her "feet went out from under [her]" and she fell to the floor.  J.A. 57.

On further inspection, and after her fall occurred, the plaintiff determined that she slipped on cooking "oil" that had been spilled on the floor.  J.A. 57-58.

---

[1] References to the Joint Appendix will be denoted "J.A.___ ."

She does not know how the oil came to be on the floor, why it was on the floor or how long it had been on the floor prior to her fall. J.A. 64. Moreover, she does not know of anyone who was aware that the oil was on the floor prior to her fall. *Id.*

The plaintiff contends that the oil came from a jug of Crisco cooking oil that was on the floor near the area where she fell. J.A. 63, 68. Similarly, she does not know how the jug came to be on the floor, why it was on the floor or how long it had been on the floor prior to her fall. J.A. 68-69. Moreover, she does not know if anyone was aware that the jug was on the floor. *See Id.*

As noted, after the plaintiff's fall, she noticed a "24 x 36" area of "cooking oil" spread "across the lane." J.A. 66. While she stated that the oil itself had no color to it, a Crisco bottle was located on the floor nearby. *See Id.* She had no difficulty seeing the bottle on the floor and "probably would have seen it" had she been looking down. J.A. 70, 72-73. She did not, however, because she was "shopping…and felt like it had always been safe to walk without looking…." J.A. 56.

## Plaintiff Had No Expert Witness

Pursuant to the District Court's Pre-Trial Order, the plaintiff was to disclose her expert witnesses in a timely manner. She did not disclose any liability experts..

## SUMMARY OF ARGUMENT

In order for the plaintiff to prevail against Wal-Mart, she must produce substantially probative evidence that the cooking oil had been on the floor long enough to charge Wal-Mart with constructive notice of its presence. Notwithstanding the plaintiff's attempts to spin speculation and conjecture, the record is wholly devoid of any evidence of when the spill occurred. The video, as noted by the District Court, does not show how or when the spill occurred. The District Court properly found that "It is not possible for a reasonable juror to conclude [Wal-Mart] was negligent without improper speculation." J.A. 159. The District Court was unwilling to engage in the use of impermissible "speculation to fill the gaps in Plaintiff's evidence." *Id.* As a result, the plaintiff was unable to present a *prima facie* case of negligence against Wal-Mart, and the District Court's granting of summary judgment to Wal-Mart must be affirmed.

## STANDARD OF REVIEW

The appellate standard of review of a grant of summary judgment is *de novo*. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). It is "appropriate where the opponent of the motion

bears the burden of proof at trial and cannot establish the existence of an essential element of his case." *Akers v. Food Lion, Inc.*, 1992 U.S. App. LEXIS 18583, *2 (4th Cir. Va. 1992) (*citing Celotex*). In determining whether this showing has been made, the Court must assess the evidence in a light most favorable to the party opposing the motion. *Charbonnages de France v. Smith*, 597 F.2d 406 (4th Cir. 1979). A mere scintilla of evidence supporting the opposing party's case, however, is insufficient to defeat summary judgment. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The Supreme Court has further stated that "While we recognize the importance of preserving litigants' rights to a trial on their claims, we are not prepared to extend those rights to the point of requiring that anyone who files [a] complaint setting forth a valid cause of action be entitled to a full-dress trial notwithstanding the absence of any significant probative evidence tending to support the complaint." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968).

## **ARGUMENTS AND AUTHORITIES**

In Virginia, the law is clear that a store owner must exercise a reasonable degree of care to make its premises safe for invitees. It is not, however, considered

5

to be an insurer of the customer's safety. *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 396 S.E.2d 649 (1990); *Colonial Stores, Inc. v. Pulley*, 203 Va. 535, 125 S.E.2d 188 (1962). While an owner must warn of hidden dangers or defects on the premises, its duty is limited to the extent it has knowledge, or should have knowledge, of the dangerous condition. *See Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 160 (1977); *Griffin v. Wal-Mart Stores, Inc.*, 1995 U. S. Dist. LEXIS 6507, Civil Action No. 3:94-cv-941 (E.D.Va. 1995).

To establish a *prima facie* case of negligence, the plaintiff must show by a preponderance of the evidence that: 1) Wal-Mart owed her a duty; 2) the cooking oil on the floor constituted an unsafe condition; 3) the unsafe condition proximately caused the accident to happen; 4) Wal-Mart had actual or constructive notice of the defect and failed to correct the problem within a reasonable period of time or to notify the plaintiff; and 5) that she has suffered damages. *Griffin v. Wal-Mart Stores, Inc.,* 1995 U. S. Dist. LEXIS 6507 at 5-6 (citing, among others, *Colonial Stores, Inc.* 203 Va. at 537, 125 S.E.2d at 190; *Gauldin v. Virginia Winn-Dixie*, 370 F.2d 167 (4th Cir. 1966)). As argued below, the plaintiff is unable to prove factor 4, that Wal-Mart had notice of the cooking oil on the floor prior to the plaintiff's fall.

1.    **The Plaintiff is Unable to Prove that Wal-Mart was on Notice of a Defective Condition and Failed to Correct It.**

In a premises liability case such as this, the plaintiff must produce evidence of the defendant's actual or constructive knowledge of the defective condition on the premises in order to establish a *prima facie* case of negligence. *See Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 161 (1977) (emphasis added). Constructive knowledge of a defective condition may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition. *See Great Atlantic and Pacific Tea Company v. Berry,* 128 S.E.2d 311, 313 (1962*), Adkins v. Scoa Industries, Inc.,* 1992 U.S. App. LEXIS 13512, *3 (4th Cir. 1992) *and Grim v. Rahe*, 246 Va. 239, 242, 434 S.E.2d 888, 890 (1993). If the evidence fails to show when a defect occurred on the premises, the plaintiff failed to make out a *prima facie* case. *Grim*, 246. Va. at 242.

In the present case, there is simply no evidence of "notice" on the part of Wal-Mart. Initially, there is nothing to indicate that Wal-Mart had actual notice of any spilled cooking oil or bottle of oil on the floor. The plaintiff essentially concedes this fact. *See* Brief of Appellant at 4, 8. Thus, in order to prove the required "notice" element, the plaintiff must prove constructive notice of the condition.

7

The plaintiff is, however, unable to prove constructive notice because she cannot show how long the cooking oil was on the floor prior to her fall. The plaintiff herself conceded under oath that she does not know how or when the oil came to be on the floor. In facing a motion for summary judgment, the plaintiff was required to produce significantly probative evidence that the oil was on the floor for a sufficient length of time such that Wal-Mart should have discovered it. No such evidence was adduced in opposition to the motion to establish when the oil came to be on the floor. Additionally, the plaintiff herself argues that the oil on the floor was not "noticeable." If it was not noticeable to her, it was not noticeable to Wal-Mart. As such, the plaintiff is unable to prove notice on the part of Wal-Mart and her negligence claim must fail.

## 2. The Fact That Wal-Mart Employees May Have Been in the Area is Insufficient to Prove Constructive Notice.

The plaintiff's argument that various Wal-Mart associates' presence in the general area of the fall proves constructive notice is without merit. In *Gauldin,* this Court specifically noted that "[t]he fact that there were employees in the area of the dangerous substance cannot impute knowledge of the substance to the defendant." 370 F.2d at 170.

Similarly, in *Prindes v. Winn-Dixie*, the plaintiff argued that several employees stocking in the location near where the plaintiff slipped and fell on a

liquid substance supported her theory of constructive notice. *1997 U.S. App. LEXIS 8573, 3-4 (4th Cir. 1997).* This Court also rejected this argument and, citing its decision in *Gauldin*, found that the presence of employees in the area did not support a constructive notice theory even though the plaintiff alleged that the employees in her case were "more numerous and nearer to the dangerous condition," and "the employees were directly involved in causing the hazard." *Id.* at 6. This Court affirmed the District Court's granting of Winn-Dixie's Motion for Summary Judgment and stated "[a]ll [the plaintiff] can arguably demonstrate is that the stock boys were in the aisle at the time that [the plaintiff] fell. The stock boys' presence does not demonstrate in any fashion, except for pure speculation, that the stock boys had knowledge of the liquid substance, and hence, that knowledge could be imputed to Winn-Dixie." *Id.* at 7.

Finally, in *Babb v. Boddie-Noell*, 69 F. Supp. 812, 813 (W.D.Va. 1998), the District Court rejected plaintiff's speculation that an employee in the area and in reach of a mop and mop bucket was the possible cause of the liquid on the floor and granted summary judgment in favor of the defendant. The Court specifically noted "[n]or can the jury be allowed to speculate that a Hardee's employee must have mopped because the floor was wet after plaintiff fell. Plaintiff has failed to establish that defendant caused the water to be on the floor or that the defendant

had either actual or constructive notice of the water's presence, thereby failing to make out a *prima facie* case of negligence." *Id.* at 814.

As noted above, simply because various Wal-Mart employees may have been in the general area of the plaintiff's fall does not support the inference that Wal-Mart was on notice of the cooking oil that the plaintiff ultimately slipped on. Certainly, there is no evidence before the Court, and the plaintiff does not argue, that any such associates had actual knowledge of the cooking oil spill. Moreover, it is just as likely that the reason the associates did not see the spill on the floor was because it did not exist at the time they were in the area of aisle 8. Additionally, the associates shown on the video were at the total opposite end of the aisle from where the plaintiff's fall occurred, making it virtually impossible to see from that distance, even if it existed at that time. Finally, it could be because they simply did not see it from where they were located (that it was a latent condition).[2] The plaintiff herself is taking the position that she did not see the oil until after her fall.

---

[2] The plaintiff makes the curious argument (on appeal for the first time) that while neither the plaintiff nor any Wal-Mart associates saw the oil on the floor, the Wal-Mart associates should have seen it because Wal-Mart policies and procedures require employees to conduct period "sweeps" of their work areas. In reality, the main purpose of such sweeps or "periodic walks" is for Wal-Mart associates to be available to assist customers. J.A. 136. The plaintiff cites to no Virginia authority requiring mandated and timed floor inspections. Additionally, Wal-Mart's internal policies and procedures requiring such walks are clearly inadmissible to establish negligence pursuant to this Court's decision in *Hottle v. Beech Aircraft Corp.,* 47 F.3d 106, 110 (1995) ("Clearly, the Virginia rule [excluding private rules and policies as evidence of negligence] is sufficiently bound-up with state policy so as to require its application in federal court." *Id.*)

All of this makes such an argument an engagement in rank speculation and is insufficient to establish that Wal-Mart had constructive notice of the spill. To hold otherwise "would, in effect, make the defendant an insurer of the safety of its customers." *Dennis v. Wal-Mart*, 2017 U.S. Dist. Lexis 24850 (W.D.Va. 2017) (*citing Gauldin v. Winn-Dixie*, 370 F.2d at 170 and finding that a Wal-Mart employee's presence in the general area of the plaintiff's fall was insufficient to establish constructive notice).

### 3.     The Physical Condition of the Spill is Insufficient to Prove Constructive Notice on the Part of Wal-Mart.

Plaintiff also argues that Wal-Mart was on constructive notice due to the "gritty and dirty" nature of the spill and her contention that there were "black wheel marks from shopping carts going through the spill." This argument is, however, without merit. Evidence regarding the appearance of the spill is insufficient to establish when the spill occurred. *Haliburton v. Food Lion, LLC*, 2008 U.S. Dist. LEXIS 32898, *7 (E.D.Va. 2008) (*citing Woods v. Wal-Mart Stores, Inc.*, 2005 U.S. Dist. LEXIS 45404 (E.D.Va. 2005)).

In *Woods*, the plaintiff believed that the condition of a spilled liquid on which the plaintiff fell, "described as dirty, drying, and which cart tracks were purportedly seen," demonstrated that the spill was on the floor sufficiently long to impute constructive notice to the defendant. *Id.* at *8. In rejecting the plaintiff's argument and granting summary judgment in favor of the defendant, Judge Dohnal

cited to *Great Atlantic & Pacific Tea Co. v. Berry*, 203 Va. 913 (1962), where the Supreme Court of Virginia observed that "there are a minority of jurisdictions which allow evidence of spilled substances as appearing old-looking, dirty, or grimy to establish how long the substances had been on the floor," but ultimately determined such an approach to be a "liberal expansion of the doctrine of constructive notice" and explicitly rejected it. *Id.*

Similarly, in *Haliburton*, the plaintiff tried to give her opinion that the foreign substance that caused her fall "seemed like it had been there at least 15 minutes or more" and that it, among other things, "had a gunky, scummy type thing to it…." *Halliburton*, 2008 U.S. Dist. LEXIS at *11. In rejecting that argument and granting the defendant's motion for summary judgment, Judge Lauck, relying on *Woods*, noted that "[a]lthough [the plaintiff] offers her opinion about what the substance looked like, she presents no additional evidence to establish when the spill occurred. In fact, [the plaintiff] herself was not aware of the substance before she fell. It is just as likely that the substance was spilled on the floor moments before [she] fell, as it is that it was spilled up to 15 minutes before." *Id.* at *7.

Other Virginia courts have reached similar results. *See Hudson v. Kroger Co.*, 2007 U.S. Dist. LEXIS 51941 (W.D.Va. 2007) (Judge Moon granted summary judgment and rejected the plaintiff's argument that the condition of

12

spilled cherries could lead to a finding that they were on the floor for a sufficient amount of time to impute constructive notice to the defendant) and *Meyer v. Boddie-Noell Enters.*, 2011 U.S. Dist. LEXIS 6100 (E.D.Va.) (Judge Lauck granted summary judgment and rejected the plaintiff's argument that the Court should infer that the "sticky" and "dried-out" condition of the substance on the floor was sufficient to impute constructive notice).

Even with the above-cited authority of the Supreme Court of Virginia and Virginia's federal district courts indicating a rejection of such evidence, the District Court in this case "declined" to find that an absolute ban to such evidence exists. Notwithstanding the District Court's lenient view of the pronouncement of the Supreme Court of Virginia in the *Berry* case, the District Court here examined what evidence existed in the light most favorable to the plaintiff and noted that "It is not possible for a reasonable juror to conclude [Wal-Mart] was negligent without improper speculation." J.A. 159. The District Court noted that the oil could have become "gritty" because of the oil spilling on a dirty floor and the foot print and "cart tracks could have been caused moments prior by any of the many customers seen shopping in Aisle 8, if not by the Plaintiff herself." *Id.* The plaintiff's own evidence demonstrates that a customer stepped in the area of the oil within 10-20 seconds of the plaintiff's fall. J.A. 143.

Here, as previously argued, there is simply no evidence before the Court as to how long the cooking oil had been on the floor prior to the plaintiff's fall. Absent such evidence, the plaintiff cannot establish that a sufficient amount of time passed to provide Wal-Mart constructive notice of the condition, which is a required component of her *prima facie* case of negligence in this premises liability action. As a result, the District Court's granting of summary judgment to Wal-Mart must be affirmed.

## CONCLUSION

For the reasons set forth herein, Wal-Mart respectfully urges this Court to affirm the District Court's ruling in its favor and dismiss this action with prejudice.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 34(a) of the Federal Rules of Appellate Procedure and Local Rule 34(a) of the Fourth Circuit Court of Appeals, the Appellee, Wal-Mart Stores, Inc., respectfully requests oral argument in support of its position.

WAL-MART STORES, INC.

By:    /s/    Victor S. Skaff, III
                    Of Counsel

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON & CATHEY PLC
Fulton Motor Lofts
400 Salem Avenue, SW, Suite 100
Roanoke, VA 24016
Phone:  (540) 767-2200
Fax:  (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com

*Counsel for Appellee*

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because this brief contains 3,412 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief has been prepared using Times New Roman, a proportionally spaced font, 14 point.


                               /s/    Victor S. Skaff, III
                                      Victor S. Skaff, III

This the 29th day of June, 2017

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 29th day of June, 2017, a copy

of Brief of Appellee was filed with the Clerk of Court using the CM/ECF system

which will electronically notify the following, to wit:

Mark T. Williams, Esquire (VSB No. 29319)
WILLIAMS, MORRISON, LIGHT AND MOREAU
317 Patton Street
Danville, VA 24541
Telephone:  (434) 793-4912
Facsimile:   (434) 792-6110
Email:  mark.williams@williamsmorrisonlight.com

*Counsel for Appellant*


                                     /s/     Victor S. Skaff, III
                                           Victor S. Skaff, III